UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **GEORGE MCKINNEY on behalf of himself and all others similarly situated,** | : : : | **Case No. 10-CV-224** |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN M. O'MALLEY** |
| v. | : | |
| **BAYER CORPORATION, et al.** | : | **MEMORANDUM & ORDER** |
| **Defendants.** | : | |

Before the Court is Defendants' Motion to Strike Allegations in Plaintiff's Complaint. (Doc. 10.) This Motion has been fully briefed and is ripe for adjudication. For the reasons set forth below, Bayer's Motion to Strike is **GRANTED**.

I. **RELEVANT BACKGROUND**

Defendants Bayer Corporation and Bayer Healthcare, LLC (collectively referred to as "Bayer") produce, market, and sell the "One-A-Day" line of vitamins, including the One-A-Day Men's Health Formula and One-A-Day Men's 50+ Advantage vitamin products (referred to as the "Vitamin Products").

On February 2, 2010, Plaintiff George McKinney filed a putative class action against Bayer alleging that its advertisements for the Vitamin Products, including the product labels, "are unlawful, unfair, fraudulent, and unconscionable," because they falsely claim that the Vitamin Products promote prostate health and reduce the risk of prostate cancer. (Doc. 1 at ¶¶ 1-3.) In addition, Plaintiff asserts that the Vitamin Products contain selenium, which, according to Plaintiff, "actually poses serious health risks when taken in the amounts recommended by Bayer." (*Id*. at ¶ 1.)

Plaintiff's Complaint alleges that Bayer's marketing and advertising of the Vitamin Products violates the Ohio Consumer Sales Practice Act and the Ohio Deceptive Trade Practices Act. Plaintiff also asserts claims for breach of express and implied warranty stemming from Bayer's representations regarding the health benefits of the Vitamin Products.

On February 25, 2010, Bayer filed a Motion to Dismiss Plaintiff's Complaint (Doc. 6) and a separate Motion to Strike Allegations in Plaintiff's Complaint, which is the focus of this Order (Doc. 10.)[1] Plaintiff filed an opposition to the Motion to Strike on March 11, 2010 (Doc. 16), and Bayer filed a reply in support on March 22, 2010 (Doc. 19.)

## II. DISCUSSION

The sole issue presented in Bayer's Motion to Strike is whether Paragraph 56 of Plaintiff's Complaint should be stricken under Rule 12(f) of the Federal Rules of Civil Procedure. Rule 12(f) provides that a court may, on its own or upon motion of a party, strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter."

An immaterial matter is that which has "no bearing on the subject matter of the litigation." *Johnson v. County of Macomb,* No. 08-10108, 2008 U.S. Dist. LEXIS 38617, *2 (E.D. Mich. May 13, 2008); *Buzayan v. City of Davis Police Dep't*, No. 2:06-cv-1576, 2007 U.S. Dist. LEXIS 60032, *10 (E.D. Cal. Aug. 8, 2007) ("Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded."). Impertinent allegations include statements that are not necessary to the issues presented. *Buzayan*, 2007 U.S. Dist. LEXIS 60032, at *10-11. The word "scandalous," as used in Rule 12(f), refers to "any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts

---

[1] Bayer's Motion to Dismiss remains pending and will be resolved in a separate order.

from the dignity of the court." *Pigford v. Veneman*, 215 F.R.D. 2, 4 (D.D.C. 2003) (internal citation omitted); *see also In re 2TheMart.com, Inc. Sec. Litig.*, 114 F.Supp.2d 955, 965 (C.D. Cal. 2000) ("'Scandalous' includes allegations that cast a cruelly derogatory light on a party or other person.").

A court has broad discretion in determining whether to grant a motion to strike. *Frisby v. Keith D. Weiner & Assoc.*, 669 F.Supp.2d 863, 867 (N.D. Ohio. 2009). It is well-established, however, that motions to strike are generally disfavored and should be granted only where "the allegations are clearly immaterial to the controversy or prejudice the movant." *Id.*; *see also Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (stating that a motion to strike is a "drastic remedy to be resorted to only when required for the purposes of justice").

As a general rule, courts should not strike a matter "unless the court can confidently conclude that the portion of the pleading to which the motion is addressed is redundant or is both irrelevant to the subject matter of the litigation and prejudicial to the objecting party." *Aqua Bay Concepts, Inc. v. Grosse Point Bd. of Realtors*, No. 91-CV-74819, 1992 U.S. Dist. LEXIS 16038, *5 (E.D. Mich. May 7, 1992) (internal quotation omitted); *see also Norton Constr. Co. v. U.S. Army Corps of Eng'rs*, No. 03cv2257, 2006 U.S. Dist. LEXIS 88272, *32 (N.D. Ohio Dec. 6, 2006) (stating that motions to strike "are not typically granted absent a showing of significant prejudice").

Here, Bayer moves to strike Paragraph 56 of Plaintiff's Complaint on grounds that the claims asserted therein are "completely unrelated to Plaintiff's claims regarding the products at issue in this case." (Doc. 10 at 3.) In response, Plaintiff characterizes Bayer's Motion to Strike as a premature motion *in limine* dealing with evidentiary issues.

The Court has reviewed the allegations in Paragraph 56 and concludes that they are

3

immaterial to the claims asserted in Plaintiff's Complaint and may be prejudicial. Plaintiff's allegations regarding Bayer's other products and past settlements have no apparent relation to the claims asserted in this case, particularly since none of the allegations in Paragraph 56 relate to the Vitamin Products at issue here. These statements are unnecessary to the assertions in the Complaint, neither setting forth an element of a claim made, nor providing the needed factual predicate for one. In short, the assertions appear gratuitous at this stage of the proceedings.[2] Accordingly, the Court finds that Paragraph 56 is immaterial and scandalous and should be stricken.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Strike Allegations in Plaintiff's Complaint (Doc. 10) is **GRANTED**. Paragraph 56 of Plaintiff's Complaint (Doc. 1) is hereby **STRICKEN**.

**IT IS SO ORDERED.**

                                             **s/Kathleen M. O'Malley**
                                             **KATHLEEN McDONALD O'MALLEY**
                                             **UNITED STATES DISTRICT JUDGE**

**Dated: July 12, 2010**

---

[2] At this stage, the Court need not, and does not, take any position on the discoverability or admissibility of information relating to these allegations.