UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
GEORGE McKINNEY, On Behalf of : CASE NO. 1:10-CV-00224
Himself and All Others Similarly Situated, :
:
Plaintiff, :
:
v. : OPINION & ORDER
: [Resolving Doc. No. 95]
BAYER CORPORATION, *et al.*, :
:
Defendants. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff George McKinney moves, under Federal Rule of Civil Procedure 15, for leave to amend his complaint to substitute a putative class representative, Gerald Godec, and to dismiss himself from this action. McKinney says he no longer wishes to proceed as putative class representative and that Godec is a proper replacement because Godec seeks to advance the same claim on behalf of the same putative class. [Doc. 95.] Defendants Bayer Corporation and Bayer Healthcare oppose the motion, arguing that an absent class member cannot be substituted as a putative class representative and that Bayer will be unduly prejudiced by the substitution. [Doc. 100.] For the following reasons, the Court **GRANTS** the Plaintiff's motion.

A "court should freely give leave [to amend a complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). When examining a motion to amend, courts must consider "any apparent or

-1-

Case No. 1:10-CV-00224
Gwin, J.

declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "In general, the Sixth Circuit is 'very liberal' in permitting amendments." *United States ex rel American Textile Mfrs. Inst., Inc. v. The Limited, Inc.*, 179 F.R.D. 541, 550 (S.D. Ohio 1998) (citations omitted), *aff'd* 190 F.3d 729 (6th Cir. 1999).

McKinney says that amendment to the complaint will not change the nature of this case, as Godec, also an Ohio resident, intends to assert the same breach of express warranty claim and would have been part of the proposed class. *See* Fed. R. Civ. P. 20(a)(1) (allowing joinder of additional plaintiffs where (1) the proposed additional plaintiffs "assert any relief jointly, severally, or . . . with respect to or arising our of the same transaction, occurrence, or series of transactions or occurrences;" and (2) "any question of law or fact common to all plaintiffs will arise in the action."). The Defendants do not contend that Godec's claims will be barred by any statute of limitations.

However, the Bayer Defendants argue that McKinney's motion must be dismissed because McKinney seeks substitution simply to cure his inadequacy as putative class representative. [Doc. 100 at 1-2.] The Court does not find this contention well-taken. Bayer's assertion rests almost entirely on the resolution of arguments the Bayer Defendants make in their opposition to McKinney's motion for class certification, on which the Court has not yet ruled. There is no other credible indication that such consideration actually motivated McKinney's motion to amend. Nor is there suggestion of undue delay, bad faith or dilatory motive on the Plaintiff's part in seeking substitution, or that the Plaintiff's counsel is the "driving force behind this litigation." *Smith v. Leis*, No. 08-CV-234, 2009 WL 1687945, at *2 (S.D. Ohio June 12, 2009) (allowing pre-class certification

Case No. 1:10-CV-00224
Gwin, J.

amendment after finding no undue delay, bad faith, or dilatory motive).

And, though the Bayer Defendants argue that they will be unduly prejudiced by amendment allowing the proposed substitution, [Doc. 100 at 7], the Court finds that such amendment will promote judicial economy. Certainly, as the Defendants speculate, this Court may ultimately find class certification improper for reasons unrelated to the adequacy of class representation. Yet allowing substitution now also avoids the equally potential scenario that the Court, after conducting a class certification hearing, must allow for additional discovery and briefing, and hold a second hearing, to address Godec's adequacy as class representative. It further avoids litigating Godec's claims as a separate putative class action should McKinney seek to dismiss his claims without substitution. Moreover, the Defendants assert no counterclaims against McKinney that would be affected by Godec's joinder and substitution. Cf. *Barnes v. First Am. Title Ins. Co., et al.*, 473 F. Supp. 2d 798 (N.D. Ohio 2007) (denying leave to amend to substitute putative class representatives where defendants asserted counterclaims and finding substituted plaintiffs' claims did not relate back).

Finally, to the extent that granting McKinney leave to amend his complaint requires the Court to modify its previously-set scheduling order, the Court finds modification appropriate. Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir.2001)) (internal citations omitted). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.* (citing *Bradford*, 249

-3-

Case No. 1:10-CV-00224
Gwin, J.

F.3d at 809) (internal citations omitted). Finding no indication of bad faith or dilatory motive behind McKinney's change of heart, considering that such amendment will serve judicial economy rather than unduly prejudice the Defendants, and given that the Plaintiff says it will make Godec immediately available for discovery, the Court finds good cause for the substitution and for modification to its previous scheduling order.

Accordingly, the Court **GRANTS** Plaintiff McKinney's motion for leave to amend his complaint. McKinney must file any amended complaint on or before **July 5, 2011**.

Though McKinney does not explicitly label it as such, the Court construes his motion also as one to dismiss McKinney from this action upon amendment. As the Defendants point out, voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) cannot be made absent a stipulation of dismissal by all parties. Fed. R. Civ. P. 41(a)(1)(a). Rule 41(a)(2), however, permits dismissal at a plaintiff's request by court order, even over a defendant's objection. Fed. R. Civ. P. 41(a)(2). Having found that the Defendants will not be unduly prejudiced by McKinney's proposed substitution, the Court **GRANTS** McKinney's request to be dismissed from this action, along with any of McKinney's individual claims, upon filing an amended complaint substituting Godec as putative class representative.

The Court also **ORDERS** the Plaintiff to make Godec available for deposition and other discovery before **July 18, 2011**; the Plaintiff must pay the expense of Godec's deposition. The Court further **ORDERS** additional briefing, limited to the issue of Godec's adequacy as class representative. Such briefing shall be submitted on the following schedule: (1) the Plaintiff's opening brief is due on **July 29, 2011**; (2) the Defendants' brief in opposition is due on **August 12, 2011**; and (3) the Plaintiff's brief in reply is due on **August 19, 2011**. The Court will hold a hearing

Case No. 1:10-CV-00224
Gwin, J.

on class certification, considering any arguments made on Godec's adequacy as class representative, as well as all arguments already submitted on class certification, on **September 1, 2011** at **10:00am.**

All other dates set by this Court shall remain as previously set.

    IT IS SO ORDERED.


Dated: June 28, 2011                                             s/ *James S. Gwin*
                                                                   JAMES S. GWIN
                                                                   UNITED STATES DISTRICT JUDGE