UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

GERALD GODEC, On Behalf of Himself : CASE NO. 1:10-CV-224
and All Others Similarly Situated, :
:
      Plaintiff, :
:
   v. : OPINION & ORDER
: [Resolving Doc. Nos. 174, 175, 187]
BAYER CORPORATION, *et al.*, :
:
      Defendants. :
:

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      Defendants Bayer Corporation and Bayer Healthcare LLC (hereinafter, collectively, Bayer), move to quash subpoenas Plaintiff Gerald Godec served on four Bayer employees—Reese Fitzpatrick, Tracy Nunziata, Pana Beke, and Jay Kolpon—in New Jersey. Bayer argues that Godec's service of these four subpoenas failed to comply with the requirements of Federal Rule of Civil Procedure 45 because Godec did not personally serve the subpoenas nor did he tender the necessary fees for attendance and mileage. Bayer further argues that the Court does not have authority to compel the appearances of these witnesses at a trial in Cleveland, Ohio (more than 100 miles from New Jersey), *see* Fed. R. Civ. P. 45(b)(2)(B) & (c)(3)(A)(ii). Godec, who apparently concedes that he at first failed to include the required fees (though he later reissued the subpoenas with the proper fees), opposes Bayer's motion.

Case No. 1:10-CV-224
Gwin, J.

As an initial matter, Rule 45 nowhere provides that personal service of a subpoena is required. Instead, "[s]erving a subpoena requires delivering a copy to the named person . . . ." Fed. R. Civ. P. 45(b)(1). Godec sent the four subpoenas by certified mail to the work addresses of Fitzpatrick, Nunziata, Beke, and Kolpon, where they were received. That is sufficient under the circumstances of this case. *See, e.g.*, Powell v. Time Warner Cable, Inc., 2010 WL 5464895, at *2-*3 (S.D. Oh. Dec. 30, 2010) ("[T]he drafters [of the Civil Rules] knew how to indicate a personal service requirement, but chose not to do so in Rule 45. . . . The Court agrees with and adopts the analyses of those courts finding that service of a subpoena is effective so long as it reasonably insures actual receipt."). In addition, even if the original subpoenas were defective due to Godec's failure to include payment for attendance and mileage, *see* Fed. R. Civ. P. 45(b)(1), he has since corrected his mistake and re-served the subpoenas.

Furthermore, though Rule 45 limits the places where a subpoena for this case may be served to, among other places, "within 100 miles of" Cleveland, Ohio, "[t]he majority of courts to consider the issue have held that a court may compel the trial testimony of parties and, where the party is a corporation or entity, the party's high-level employees or officers even when the person to be compelled resides beyond the 100-mile range for subpoenas" provided in Rule 45. Am. Fed'n of Gov't Emps. Local 922 v. Ashcroft, 354 F. Supp. 2d 909, 915-16 (E.D. Ark. 2003).

Moreover, Rule 45(c)(3)(A)(ii) requires the Court to quash a subpoena in these circumstances only when it is served on "a person who is neither a party nor a party's officer." The Rule does not define who might be a "party's officer." Kolpon, for his part, is Bayer's "Global Strategic Business Unit Leader — Analgesics/Cough & Cold/Cardio," [Doc. 175-1], and Bayer's Rule 30(b)(6) designee. *See* Fed. R. Civ. P. 30(b)(6) ("In its notice or subpoena, a party may name as the deponent

Case No. 1:10-CV-224
Gwin, J.

a . . . private corporation . . . . The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who *consent to testify on its behalf* . . . ." (emphasis supplied)). The other three witnesses are, at minimum, high-level Bayer employees; Fitzpatrick is "the Marketing Director for Bayer Aspirin and Midol," [Doc. 174-1], Nunziata is "the Marketing Director for Venture Brands — Upper Respiratory, GI and Topicals," [Doc. 174-2], and Beke is "a Senior Associate Director, Medical Affairs in the Nutritional Science and New Business Department," [Doc. 174-3]. Though each claims not to be "an officer of any Bayer entity" (at least by Bayer's definition of "officer"), the Court finds that Fitzpatrick, Nunziata, Beke, and Kolpon are the "high-level employees or officers" it may properly require to testify in this case. Accordingly, the Court will not quash the subpoenas Plaintiff served on these witnesses.

Nevertheless, the Court endeavors to minimize the burden it imposes on these witnesses. Should they wish, they may testify remotely, in accordance with the Court's instructions during its telephone conference with the parties on April 5, 2012.

For these reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Bayer's motions to quash. *See* [Docs. 174, 175, 187.]

IT IS SO ORDERED.


Dated: April 9, 2012                    s/       *James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE